# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0069
Lower Tribunal Nos. 19-0298 AP, 07-5682 SP
_____

**State Farm Mutual Automobile Insurance Company,**
Appellant,

vs.

**Central Therapy Center Inc., a/a/o Alfredo Torres,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire (Ft. Lauderdale); Kirwan Spellacy Danner Watkins & Brownstein, P.A., and Christopher L. Kirwan (Ft. Lauderdale), for appellant.

Corredor & Husseini, P.A., and Maria E. Corredor; David B. Pakula, P.A., and David B. Pakula (Pembroke Pines), for appellee.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

PER CURIAM.

State Farm Mutual Automobile Insurance Company appeals a final judgment entered in favor of Central Therapy Center, Inc. in the amount of $6,704.00 plus interest for medical services rendered to Alfredo Torres. Torres was an omnibus insured under a personal injury protection ("PIP") policy of insurance issued by State Farm to Maria Herrera. Torres allegedly was in an automobile accident and assigned his PIP benefits under Herrera's policy to Central Therapy.

The final judgement was entered after the lower court granted in Central Therapy's favor its (1) motion for summary judgment arguing the services Central Therapy rendered to Torres were reasonable, related, and medically necessary; (2) motion for summary judgment regarding Torres's alleged unreasonable refusal to attend an independent medical examination; and (3) motion for final summary judgment on the issue of fraud.

Our review is de novo. See Diodato v. Islamorada Asset Mgmt., Inc., 138 So. 3d 513, 517 (Fla. 3d DCA 2014). Because, based on our review of the record, there are genuine issues of material fact, we are compelled to reverse the final judgment and the orders granting summary judgment in favor of Central Therapy on the issues of reasonable, related, and medically necessary; Torres's alleged unreasonable refusal to attend an independent medical examination; and on the issues surrounding the alleged fraud. See

2

MacKendree & Co., P.A. v. Pedro Gallinar & Assocs., P.A., 979 So. 2d 973, 976 (Fla. 3d DCA  2008) ("While we do not pass on the merits of the parties' opposing viewpoints, we conclude that material facts are in direct conflict, thereby precluding summary judgment.").

Reversed and remanded.